# Cases

---

EDWARD J. CHAPIN, Appellant, *v.* JOSEPH THOMP-
SON, Impleaded, etc., Respondent.

*Appeal in an equity case where the issues have been tried before a jury — evidence
given before the jury may be included in the case on appeal.*

The issues in an equity action were framed and submitted to a jury; a verdict
was rendered thereon; the whole case was afterwards heard before the same
judge before whom the jury trial was had; he made his decision on which
judgment was entered; a case was served on appeal containing the testimony
and the plaintiff's exceptions to evidence taken on the jury trial, for which the
judge on the settlement of the case substituted the specific questions of facts
submitted to the jury and their answers thereto. The appellant then moved
for a new trial of the issues of fact.

*Held,* that the party appealing had a right to include in the case the evidence
given on the jury trial as well as any subsequently given before the judge alone.

APPEAL by the plaintiff from an order made upon the settle-
ment of a case on appeal by the justice before whom the action
was tried, and from an order denying a motion made after such
settlement to set aside the verdict of a jury, upon issue framed
and submitted to them, and for a new trial.

The action was brought to foreclose a mortgage.

Issues were framed and heard before a jury. The case then
came on for a hearing before the justice before whom the jury trial
was had, and upon his decision a judgment was entered in favor
of the defendant.

No motion for a new trial of any of said issues, or specific questions of fact was made or entertained before said judgment was entered, nor were the exceptions, taken at the trial of said issues submitted to the jury, directed to be heard at General Term.

After the entry of said judgment the plaintiff made and served a case containing, among other things, the testimony, and the plaintiff's exceptions to the admission and rejection of evidence taken upon the trial of said issues before the jury. The defendant proposed an amendment thereto striking out all said evidence and exceptions, and another amendment, inserting in place thereof, the specific questions of fact, and the answers of the jury thereto. Thereupon the court made an order, allowing said amendments.

Subsequently a motion was made by the plaintiff upon the case and exceptions, and upon the minutes of the court taken upon the trial of the action, and upon the exceptions taken upon said trial, for a new trial of the issues of fact settled in this action, and to set aside the answers of the jury to said issues or their verdict therein as contrary to evidence and contrary to law, which was denied. From these orders this appeal was taken.

*Magone & Holbrook,* for the appellant.

*Edward C. James,* for the respondent.

*Per Curiam:*

In an action triable by the court, where issues have been framed and have been submitted to a jury and a verdict thereon has been rendered, and the whole case has afterwards come on to be heard before the same judge before whom the jury trial was had, and he has made his decision and judgment has been entered thereon, we think that the party appealing therefrom has a right to include in his case the evidence given on the jury trial as well as any subsequently given before the judge alone.

Whatever may have been the practice when the courts of law and equity were separate, it is not necessary under the present practice, for any reason which we can discover, to require in such a case that a motion to set aside the verdict on such issues should be made before the final hearing and judgment. Errors or omis-

sions which occurred at the trial might perhaps be corrected or supplemented on the hearing before the judge. And if this should be done it would be useless for such omissions or errors to grant a new trial.

We see no evil in making the practice of reviewing these cases similar to that which exists where a case is tried throughout by the court, as far as this can be done ; and our construction of section 1003 of the New Code is not inconsistent with this view. Part of a rule of the court which formerly existed (rule 40 of 1875) was stricken out at the last revision, so that there is nothing in the rules contrary to the practice here approved.

The evidence, therefore, ought not to have been stricken out, and the motion for a new trial should have been heard.

The orders, therefore, must be reversed, with ten dollars costs and printing disbursements in each.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Orders reversed, with ten dollars costs and printing disbursements in each.